UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN S. KAMINSKI,  :
    Plaintiff,  :
      :
v.  :    No. 3:19-cv-58 (SRU)
      :
HILLARY C. ONIYUKE, et al.,  :
    Defendants.  :

## INITIAL REVIEW ORDER

On January 10, 2019, John S. Kaminski, an inmate currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brought a complaint *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 against three state officials (Dr. Hillary C. Oniyuke, Dr. Johnny Wu, and Assistant Attorney General Steven M. Barry), as well as the UConn Health Center, and X-Spine Systems Inc., a private medical supply company. Compl., Doc. No. 1. He appears to be suing the defendants for acting with deliberate indifference to his medical needs, in violation of his Eighth Amendment protection against cruel and unusual punishment, and for depriving him of his Fourteenth Amendment right to due process. *Id.* at 20-21, 26-27. For the following reasons, the complaint is dismissed.

I. Standard of Review

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544,

555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. Analysis

The instant complaint consists primarily of legal conclusions and does not contain a "short and plain statement of the claim" as required by Federal Rule of Civil Procedure 8. In order for the complaint to proceed and to give the defendants fair notice of the claim(s) against them, Kaminski must allege specific facts, and not just legal arguments, showing how the defendants acted with deliberate indifference to his medical needs or violated his right to due process. Thus, I will afford Kaminski one opportunity to amend his complaint in order to state a plausible claim for relief against the defendants. However, as shown below, the amended complaint must be limited to claims against Dr. Oniyuke and Dr. Wu because Kaminski cannot bring claims against the other three defendants.

It appears that Kaminski is suing X-Spine Systems Inc. for manufacturing a broken titanium medical device that medical personnel at the UConn Health Center surgically placed in his spine on November 18, 2014. Compl. at 5. On February 2, 2017, Kaminski filed a civil action in state court against X-Spine Systems, Inc. and the UConn Health Center for negligence and product liability. *Kaminski v. X-Spine Systems, Inc.*, No. HHB-CV17-5018204-S, judicial district of New Britain (Conn. Super. Ct. 2017). That action is currently pending in state court.

2

Even if Kaminski had filed a proper civil complaint in this case, he cannot bring claims against either of those two defendants. The UConn Health Center is not a person subject to liability under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (state agency not a person within meaning of section 1983); *see also Figueroa v. Correctional Managed Health Care*, 2016 WL 7428191, at *3 (D. Conn. Dec. 23, 2016) (Correctional Managed Health Care not person subject to liability under section 1983). Further, X-Spine Systems, Inc. is a private corporation, which is generally not subject to liability under section 1983. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323-24 (2d Cir. 2002). The actions of private entities may be attributed to the state if the plaintiff can show that "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'), (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'), or (3) when the entity 'has been delegated a public function by the [s]tate.' (public function test')." *Hollman v. County of Suffolk*, 2011 WL 2446428, at *4 (E.D.N.Y. June 15, 2011) (quoting *Sybalski v. Indep. Gr. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). However, the fact that X-Spine Systems, Inc. manufactured a defective medical device, and state medical officials used that device, does not support an inference of state action on the part of the private corporation. *See Vines v. Janssen Pharmaceuticals*, 2018 WL 5045753, at *6 (D. Conn. Oct. 17, 2018) (dismissing former prisoner's claim against drug manufacturer for failure to show state action). Therefore, the claims against X-Spine Systems, Inc. and the UConn Health Center cannot proceed.

Kaminski is also suing Assistant Attorney General Barry, who represents the UConn Health Center in *Kaminski v. X-Spine Systems, Inc.*, No. HHB-CV17-5018204-S. As best as I

can surmise from his complaint, Kaminski is suing Barry for seeking dismissal of the claim against the UConn Health Center in the state court case on grounds of state and sovereign immunity rather than investigating "who was at fault" for the surgery involving the broken medical device. *See* Compl. at 15. The state court has not yet ruled on Barry's motion to dismiss the claims against the UConn Health Center. Kaminski cannot state a claim against Barry for acting on his client's behalf in the state court action. "Courts have consistently afforded absolute immunity to a government attorney's decision whether or not to initiate a criminal or civil litigation, and therefore, whether the state's considerable resources and energy will be directed towards the *prosecution* of a particular case or controversy." *Mangiafico v. Blumenthal*, 358 F. Supp. 2d 6, 22 (D. Conn. 2005) (emphasis in original). In moving to dismiss the claim against the UConn Health Center, Barry was exercising his professional judgment as an advocate for the State of Connecticut. *See id.* (citing *Kalina v. Fletcher*, 522 U.S. 118, 129-30 (1997)). Thus, I conclude that Barry is entitled to absolute immunity as a government attorney from Kaminski's claim in this case.

The remaining two defendants in this case, Dr. Oniyuke and Dr. Wu, are both state officials subject to liability under section 1983. Kaminski is suing those two defendants in their individual capacities for damages for installing the defective medical device in his back and/or delaying any corrective surgery for nearly one and one-half years. *See* Compl. at 14. Kaminski raised the same claim against other state officials in a previous lawsuit, *Kaminski v. Colon*, No. 3:18-cv-2099 (SRU). I dismissed his claim in that case because Kaminski failed to allege facts showing how any of the defendants in that case were personally involved in delaying his appointment at which the defective medical device was discovered. *See* Initial Review Order, Doc. No. 8, *Kaminski v. Colon*, No. 3:18-cv-2099 (SRU) (citing *Wright v. Smith*, 21 F.3d 496,

4

501 (2d Cir. 1994)). I instructed Kaminski that he may pursue an Eighth Amendment claim for deliberate indifference to medical needs based on those facts in a separate lawsuit. *See id.* Because Kaminski has now raised such a claim in the instant lawsuit, I will permit the Eighth Amendment claim to proceed against Oniyuke and Wu if he can allege facts in an amended complaint showing their personal involvement in the installation of the device and/or the delay in receiving corrective treatment.

To state a claim for deliberate indifference to a serious medical need under the Eighth Amendment, Kaminski must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 105 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "When the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious, to support an Eighth Amendment claim." *Smith*, 316 F.3d at 185 (emphasis in original; internal quotations omitted). Subjectively, the defendants must have been actually aware of a substantial risk that Kaminski would suffer serious harm as a result of their actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983; *see id.* at 280; nor does a difference of opinion regarding what constitutes an

5

appropriate response and treatment. *See Ventura v. Sinha*, 379 F. App'x 1, 2–3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

The instant complaint consists primarily of legal arguments and conclusions and is devoid of specific facts showing how Oniyuke and Wu acted with deliberate indifference to Kaminski's medical needs. To the extent Kaminski is suing those two defendants solely based on the improper placement of the defective medical device in his spine, his claim fails because he has not shown how the defendants' actions constituted anything other than medical malpractice. Thus, I will give Kaminski one more opportunity to amend his complaint with additional facts showing how Oniyuke and Wu violated his Eighth Amendment protection against cruel and unusual punishment. The amended complaint must contain facts showing each defendants' personal involvement in the Eighth Amendment violation. *See Wright*, 21 F.3d at 501 (showing of personal involvement necessary to recover damages under section 1983).

Kaminski also appears to be raising a Fourteenth Amendment due process claim against the defendants. *See* Compl. at 26-27. However, I cannot discern from his complaint the basis for such a claim, or even whether Kaminski is claiming a violation of procedural due process or substantive due process.

The standard analysis for a claim of a violation of *procedural* due process "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*). In the prison context (involving someone whose liberty interests have already been severely restricted because of his confinement in a prison), a prisoner must show in the first step that he was subject to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."

*Sandin v. Conner*, 515 U.S. 472, 484 (1995). With respect to the second step of the analysis, the procedural safeguards to which a prisoner is entitled before being deprived of a constitutionally significant liberty interest are well-established. Due process requires: (1) written notice of the charges; (2) the opportunity to appear at a disciplinary hearing and a reasonable opportunity to present witnesses and evidence in support of the defense, subject to the correctional institution's legitimate safety and penological concerns; (3) a written statement by the hearing officer explaining his decision and the reasons for the action being taken; and (4) in some circumstances, the right to assistance in preparing a defense. *See Wolff v. McDonnell*, 418 U.S. 539, 564–69 (1974); *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004).

In order to state a *substantive* due process claim, the prisoner must allege that state officials deprived him of a fundamental constitutional right and that they have done so under circumstances that are no less than "arbitrary" and "outrageous," typically as demonstrated by conduct that "shocks the conscience." *See, e.g.*, *United States v. Medunjanin*, 752 F.3d 576, 590 (2d Cir. 2014) (substantive due process has generally protected "matters relating to marriage, family, procreation, and the right to bodily integrity"); *Natale v. Town of Ridgefield*, 170 F.3d 258, 262–63 (2d Cir. 1999) (substantive due process standards violated "only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority"); *Velez v. Levy*, 401 F.3d 75, 93–94 (2d Cir. 2005) (describing the "shocks the conscience" standard). However, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [the] claim[].'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Thus, if Kaminski's substantive due process claim is based on the same

7

action(s) that gave rise to his Eighth Amendment claim for deliberate indifference to medical needs, then his due process claim will be dismissed.

The complaint does not state facts showing how any of the defendants violated Kaminski's right to due process under the Fourteenth Amendment. If Kaminski's wishes to pursue that claim, he may reassert it with supporting facts in his amended complaint.

## ORDER

The claims against the UConn Health Center, X-Spine Systems, Inc., and Assistant Attorney General Steven Barry are **DISMISSED with prejudice**. The clerk is directed to terminate those three individuals/entities as defendants to this action. The claims against Oniyuke and Wu are **DISMISSED without prejudice**. If Kaminski wishes to pursue constitutional claims against those two defendants, he must file an amended complaint within thirty (30) days from the date of this Order. The amended complaint must contain a "short and plain statement of the claim," including specific facts showing how Oniyuke and Wu violated his constitutional rights. **Failure to file an amended complaint within thirty (30) days from the date of this Order that complies with these instructions will result in the dismissal of the entire action with prejudice.**

Accordingly, Kaminski's Motion to Appoint Counsel (Doc. No. 3) is **denied without prejudice**.

So ordered.

Dated at Bridgeport, Connecticut, this 26th day of April 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge